## Donk Bros. Coal and Coke Co. v. Louise Gebhardt and John Gebhardt.

1.  QUESTION OF FACT—*Province of the Jury to Settle.*—Where the controlling issues in a case raise only questions of fact it is the province of the jury to determine such issues, and their determination is conclusive.

Action for Obstructing a Water Course.—Trial in the Circuit Court of St. Clair County, on appeal from a justice of the peace; the Hon. MARTIN W. SCHAEFFER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

WILLIAM E. FISSE and MARSHALL W. WEIR, attorneys for appellant.

BARTHEL & FARMER, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced by appellees, before a justice of the peace in St. Clair county, against appellant, to recover damages caused by the flow of water upon and over the premises of appellees, whereby their fences and cattle sheds were washed away. The case was appealed to the Circuit Court and there tried by jury. Verdict and judgment in favor of appellees for $125.

About the year 1886 there was constructed a trestle over Richland Creek, which was used in connection with the operation of a coal mine. Two or three years after the trestle was constructed, appellee became possessed of certain lots in the lands lying north of the creek, and improved them by the erection thereon of some fences and cattle sheds. In July, 1896, appellant purchased and took possession of the mine and trestle. On the night of March 4, 1897, a rain storm visited the vicinity, and Richland Creek became swollen beyond its banks and overflowed appellees' premises, carrying away their fences and sheds.

Appellees contend that after appellant came into posses-

sion of the mine and trestle, it made certain changes in and about the trestle which obstructed the passage of the water through the channel of the creek, and caused it to overflow their premises. This appellant denies. There is testimony tending to show that after appellant came into possession it filled up certain culverts with slack, filled up the sides of the stream with cinders and dirt, put up an additional pillar nearer the center of the stream, added a truss supported by iron rods extending from the truss to each end of the trestle; that the pillar, truss and rods caught and held drift, and that all these changes obstructed the flow of the water through the channel. There is also testimony tending to contradict all this.

Appellant contends that the rain storm was so unusual in quantity and character as to be a visitation of Providence. Appellees deny that it was unusual in either quantity or character.

Testimony was heard *pro* and *con* on this issue.

The above mentioned were the material and controlling issues in the case. They raised only questions of fact. The jury saw the witnesses and the evidence. It was their province to weigh it. They did so, and the record discloses no sufficient reason to justify this court in disturbing their verdict.

Appellant complains of the action of the court in modifying its third instruction. Under the issues and evidence the action of the court in that respect is not substantial error.

The judgment of the Circuit Court is affirmed.